UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-61852-CIV-MORENO

MARC WILLIAMS,

    Plaintiff,

vs.

THE FEDERAL BUREAU OF INVESTIGATION DIRECTOR, ROBERT MUELLER in his official capacity and FBI AGENTS JOHN DOE #1 and JOHN DOE #2

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 23)**, filed on **June 18, 2012**. *Pro se* Plaintiff alleges in a seven count complaint that the Director of the Federal Bureau of Investigation and two unnamed agents, John Doe No. 1 and John Doe No. 2, violated his constitutional rights by participating in an operation that harmed the Plaintiff and by failing to offer the Plaintiff necessary medical attention. The Plaintiff also alleges battery and negligence against the FBI agents. The Plaintiff states that he stepped into a public park for a phone call. Officers of the Fort Lauderdale Police Department and Broward County Sheriffs Office and the FBI agents allegedly ordered him to the ground inside the park. A police officer proceeded to kick and punch him before realizing the officer had encountered the wrong person, leaving the Plaintiff with physical and emotional trauma. The Plaintiff further alleges that the agents and officers did not offer medical assistance. The Plaintiff brings his action under 42 U.S.C. § 1983, seeking

compensatory damages and punitive damages as a result of the harm suffered. Defendant FBI Director Mueller brings a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted.

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). This tenet, however, does not apply to legal conclusions. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974. Pleadings by *pro se* plaintiffs, however, are held to a less stringent standard and will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of. The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 709-710 (11th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he "was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir.2001). The Plaintiff states that "Defendants were acting under color of state law and color of their authority as public officials and public employees." ¶ 16. Given that the

Plaintiff challenges the actions of federal actors under color of federal law, specifically "the statutes, ordinances, regulations, policies ... of ... the FBI", ¶13, the Court construes Plaintiff's claims as if alleged under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

"*Bivens* claims can be brought against federal officers in their individual capacities only; they do not apply to federal officers acting in their official capacities." *Nalls v. Coleman Low Federal Inst.*, 307 Fed. Appx. 296, 297 (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The Plaintiff brings his *Bivens* action against Director Mueller in his official capacity and as synonymous with the FBI. ¶ 10. However, *Bivens* actions do not apply to federal officers in their official capacity. Furthermore, Plaintiff does not allege any plausible acts from which individual liability could attach to Director Mueller. Instead the Complaint makes conclusory statements regarding Director Mueller's policies, practices and supervision, which are not entitled to an assumption of truth. As such, Director Mueller in his official capacity is dismissed as a party from this action for lack of subject matter jurisdiction.

Regarding FBI Agents John Doe #1 and John Doe #2, the Plaintiff alleges that both agents "encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the ... acts and omissions of defendants." ¶ 15 Additionally, the Plaintiff alleges that the agents "intentionally and with deliberate indifference to the civil rights of PLAINTIFF, refrained from ... intervening [with the acts of the state officers]." ¶ 45. The Plaintiff also states that the defendants "deprived PLAINTIFF of his right to be provided with reasonably adequate medical attention and care [and the]

violation was intentionally committed ... and was willful, wanton, malicious, oppressive and shocking to the conscience..." ¶¶ 53-54. "Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Removing the legal conclusions not supported by factual allegations, the Court does not find any entitlement to relief on the part of the Plaintiff in counts one, three, four or five. The intentional or deliberately indifferent deprivations of rights described by the Plaintiff are legal conclusions unsupported by causal connections to the facts alleged. Counts one, three, four and five must be dismissed for failure to state a claim upon which relief an be granted.

The Plaintiff also brings two counts of tortious conduct against the unnamed FBI agents. Before filing this lawsuit, the Plaintiff filed an administrative claim against the United States under the Federal Torts Claim Act, 28 U.S.C.§§ 1346(b), 2401, 2671-2680. A notice of denial of his administrative claim was mailed by the FBI November 24, 2010. Plaintiff filed this action August 8, 2011. Congress has removed FTCA claims from a court's subject matter jurisdiction if not filed within six months of a denial of administrative claim. 28 U.S.C. § 2401(b). Given the Plaintiff's untimely filing of the tort claims, counts six and seven must be dismissed for lack of subject matter jurisdiction.

For the above reasons it is

**ADJUDGED** that the Defendant's motion to dismiss is GRANTED. The case is DISMISSED without prejudice and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 29 day of August, 2012.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

Marc Williams, Pro Se
3860 S.W. 60th Avenue, Apt. 1
Davie, FL 33314